**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. 1:12-cv-01015-JDT-egb
    Cr. No. 1:06-cr-10046-JDT-1

VIDALE WALKER,

    Defendant.

**ORDER DENYING AND DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On January 17, 2012, Defendant Vidale Walker filed a motion pursuant to 28 U.S.C. § 2255 alleging that trial and appellate counsel provided ineffective assistance. (ECF No. 1.) On May 8, 2012, the Court directed the United States to respond to the motion to vacate. (ECF No. 4.) On June 28, 2012, the United States filed an answer contending that Defendant's motion is without merit. (ECF No. 7.)

## I.    PROCEDURAL HISTORY

On August 20, 2007, a federal grand jury in the Western District of Tennessee returned a superseding indictment against Defendant Walker charging him with one count of conspiracy to possess in excess of 50 grams of a mixture and substance containing a detectable amount of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846 (Count One), one count of possession of approximately 55 grams of a mixture and substance containing methamphetamine with intent to distribute and distribution, in violation of 21 U.S.C. § 841(a)(1)

(Count Two), one count of possession of a detectable amount of a mixture and substance containing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Three), and one count of possession of approximately 71.3 grams of a mixture and substance containing methamphetamine with intent to distribute and distribution, in violation of 21 U.S.C. § 841(a)(1). (Criminal ("Cr.") ECF No. 56.)

A jury trial commenced on February 6, 2008. (Cr. ECF No. 81.) On February 8, 2008, the jury returned a guilty verdict on Counts One, Two, and Four of the indictment and a not guilty verdict on Count Three. (Cr. ECF Nos. 85-86.) On May 14, 2008, the Court conducted a sentencing hearing and imposed a sentence of 384 months imprisonment. (Cr. ECF No. 95.) Judgment was entered on May 19, 2008. (Cr. ECF No. 97.)

Defendant contended on appeal: that the evidence was insufficient to establish his participation in the conspiracy; that the Court erred in determining the amount of drugs attributable to Defendant; that the Court erred in applying a leadership enhancement: and that the Court erred in applying an enhancement for obstruction of justice. *United States v. Walker*, 2010 WL 4320408 (6th Cir. 2010). On October 26, 2010, the United States Court of Appeals for the Sixth Circuit affirmed Defendant's conviction and sentence. (*Id.*)

On November 17, 2012, Defendant filed this motion to vacate alleging that his attorneys provided ineffective assistance by:

1. Failing to object to the racial composition of the venire;

2. Misleading the jury in opening statement;

3. Failing to raise on appeal a prosecutorial misconduct claim for improper remarks during closing;

4. Failing to object to Defendant's sentence and the misuse of the guidelines;

> 5. Failing to move for a mistrial after the improper remarks by the prosecutor during closing; and
>
> 6. Failing to object to government witness Tina Hughey's impeachment testimony.

(ECF No. 1 at PageID 4-5, 7-8, 14.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id*.

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley*, 523 U.S. at 622.

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (same).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), Section 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, Section 2255 Rules.

4

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. [*Strickland*, 466 U.S.] at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687.

*Harrington v. Richter*, 131 S. Ct. 770, 787 (2011).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 466 U.S. at 694.[1] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [*Strickland*, 466 U.S.] at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S.Ct. 2052.

*Richter*, 131 S. Ct. at 787-88; *see also id.* at 791-72 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." (citations omitted)); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." (citing *Strickland*, 466 U.S. at 694)).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S. Ct. 2052; *see also Bell v.*

---

[1] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland*, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

> *Cone*, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S. Ct. 2052.

*Richter*, 131 S. Ct. at 788.

### III. ANALYSIS

#### Issue 1

Defendant contends that counsel's performance was deficient because he failed to object to the racial composition of the venire. (ECF No. 1 at PageID 4.) The supporting factual basis for this claim consists of a question: Did the venire represent a fair cross-section of the community?" (*Id.*) The United States contends that Defendant fails to state how the venire did not represent a fair cross-section of the community or how the selection process is flawed. (ECF No. 7 at PageID 30.)

The Court has reviewed the transcript of voir dire. (ECF No. 22.) Defense counsel objected when the first prospective minority juror was stricken by the prosecution. (ECF No. 22 at PageID 136.) Defense counsel pointed out that there were only four African Americans on the entire venire. (*Id.*) The Court requested the prosecution to state why it exercised a challenge on that juror, and the response was "since he is a minister, Your Honor, my experience with previous jurors that have been ministers are that they're not very good jurors because of their profession, whether black or white, that they are more inclined to be sympathetic." (*Id.* at PageID 136-37.) The prosecution pointed out that a black female had not been excused. (*Id.* at PageID 137.) The Court held that under the rule of *Batson v. Kentucky*, 476 U.S. 79, 97 (1986), a reasonable nondiscriminatory reason had been articulated. (ECF No. 22 at PageID 137.) The record does not reflect the ultimate racial composition of the jury. (ECF No. 22.)

Defendant's presentation of issue one does not comply with Rule 2(b) of the Rules Governing § 2255 Proceedings for the United States District Courts ('"Section 2255 Rules"), which requires, *inter alia*, that the motion "shall (1) specify all the grounds for relief available to the moving party [and] (2) state the facts supporting each ground." Although the Sixth Circuit as not had occasion to address the pleading standards applicable to § 2255 motions, the Second Circuit has stated that:

> To warrant plenary presentation of evidence, the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence. . . . Whether there is a genuine issue of material fact depends upon the sufficiency of those factual allegations. Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing.

*United States v. Aiello*, 814 F.2d 109, 113-14 (2d Cir. 1987) (citations omitted).

The Supreme Court has held that "[t]he Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community," *Berghuis v. Smith*, 559 U. S. 314, 319 (2010), but has not held that a defendant is entitled to a jury of any particular racial composition. There were four African Americans jurors summoned in the venire, and one was excused by the prosecution. A defendant asserting a Sixth Amendment violation in the composition of the jury pool must demonstrate that (1) the group alleged to be excluded is a distinctive group in the community; (2) the representation of this group is not fair and reasonable; and (3) the underrepresentation was due to a systematic exclusion of the group in the selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979) Walker has not met the standard set forth in *Duren* because he has presented no evidence of "systematic exclusion" of African Americans.

8

Issue one does not set forth any facts to support a claim that counsel was ineffective in violation of Rule 2(b). Issue one does not establish a reasonable probability that, if counsel had taken any different action, the outcome of Defendant's trial would have been different. Consequently, absent any factual support, Walker's conclusory allegation that counsel provided ineffective assistance is insufficient to support a request for relief under § 2255. *See Oliver v. United States*, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992) ("No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible[.]"). Issue one is denied.

Issue 2

Walker contends that counsel was ineffective because counsel told the jury during the opening statement that he would present proof that Defendant sold Epsom salts to the Tennessee Bureau of Investigation ("TBI") Agent on January 26, 2006, but never called that Agent to testify or presented that evidence. (ECF No. 1 at PageID 5.) The United States responds that Defendant has failed to show prejudice. (ECF No. 7 at PageID 7.)

Multiple prosecution witnesses testified that they bought drugs from and sold drugs for Walker. (Cr. ECF Nos. 107-09.) Some of those witnesses testified that they were scammed out of money by Defendant. (*Id.*) The seized drugs that comprised the four counts of the indictment tested positive as methamphetamine. (Cr. ECF No. 108 at PageID 543-64.) The TBI Agent was not presented by the prosecution; therefore, defense counsel had no opportunity to cross examine him. It defies reason that defense counsel would choose to subpoena and present a strong prosecution witness who would testify unfavorably for the defense.

The testimony that Walker arranged yet another dope deal during which he duped a TBI Agent with Epsom salts is not exculpatory. Although Defendant criticizes the defense provided

9

by counsel, he does not offer any plausible alternative defense strategy. The evidence against him was simply overwhelming. Trial counsel's decision to construct the most persuasive possible argument in the face of such incriminating proof can hardly be described as ineffective. Movant has failed to establish deficient performance and prejudice. The second issue is without merit and is DISMISSED.

Issue 3 and Issue 5

Walker contends that trial counsel should have moved for a mistrial after the prosecutor made improper comments during closing argument. (ECF No. 1-1 at PageID 14.) Walker alleges that appellate counsel provided ineffective assistance by failing to raise a prosecutorial misconduct claim on appeal. (ECF No. 1 at PageID 7.) The United States responds that Walker has failed to provide the contested remarks. (ECF No. 7 at PageID 34-35.)

The Court's review of the transcript of closing argument reveals two objections by defense counsel during the government's rebuttal argument. (ECF No. 27 at PageID 249-51.) Assistant United States Attorney ("AUSA") Kitchen stated:

> Why are we after Vidale Walker? Because he's the big man. He got caught with methamphetamine. That's why we're after Vidale Walker. No other reason. Not because he's a black man. Why was race brought into this? Because he wants to make it about race.

(*Id.* at PageID 249.) Defense counsel objected and requested a curative instruction. (*Id.*) The Court advised the jury that "the lawyers oftentimes get carried away in argument. As I've told you many times before, this case is not that. It has nothing to do with race. You'll decide this case on the testimony and the evidence." (*Id.*)

Counsel's second objection came when AUSA Kitchen stated:

> This case isn't about Vidale Walker, according to the defense attorney. It's about us, law enforcement officer, everybody except the defendant. Everybody that was

10

> brought into this court, everybody except the defendant. And it's not that difficult for a trained, experienced, professional defense attorney to cross-examine witnesses and make them look silly. It's not difficult for Mr. Farese to do that. I don't know how much he's been paid for this case, but - -

(*Id.* at PageID 250.) In response, the Court stated:

> Ladies and gentlemen, whether the lawyers are paid and how much they're paid has nothing to do with the case. And it would be better in this case if the lawyers would limit their arguments to the evidence in this case rather than going off on all these irrelevant tangents such as pay and race.

(*Id.* at PageID 250-51.) AUSA Kitchen apologized. (*Id.* at PageID 251.)

Under federal law, any prosecutorial comment or argument that induces the jury to accept the prosecutor's opinion to the detriment of the facts of the case is improper. *United States v. Young*, 470 U.S. 1, 18-19 (1985) ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context . . . ."). At times, questionable prosecutorial comments may be proper because they are "made in response to the argument and strategy of defense counsel." *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000). Thus, even if "the prosecutor's remarks exceeded the permissible bounds," the issue remains whether the remark was harmless under all of the circumstances. *Young*, 470 U.S. 13 n. 10.

The cited instances occurred during the prosecution's rebuttal. *See Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) ("In order to constitute the denial of a fair trial, prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." (internal quotation marks omitted)). The remarks came in response to defense counsel's closing argument. *See United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996) (finding prejudicial effect minimized when defense counsel's argument invited the improper statements of prosecutor's personal opinion).

11

"[I]t 'is not enough that the prosecutor's remarks were undesirable or even universally condemned.' The relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). In order to determine whether a prosecutor's misconduct amounts to a due process violation, a court should consider the degree to which the misconduct misled the jury and prejudiced the accused, whether the misconduct was isolated or extensive, whether the misconduct was deliberate, whether the prosecutor manipulated or misstated the evidence, the strength of the case against the accused, whether defense counsel objected, and whether a curative instruction was given by the trial judge. In doing so, a reviewing court must afford wide latitude to a prosecutor's remarks during closing argument. Inappropriate comments alone do not justify reversal when the proceedings were otherwise fair. *United States v. Henry*, 545 F.3d 367, 377 (6th Cir. 2008) (citing *Young*, 470 U.S. at 11; *United States v. Hitow*, 889 F.2d 1573, 1579 (6th Cir.1989)).

In both instances, defense counsel objected immediately, and the Court gave curative instructions. Walker has provided no specific factual allegations that would establish that there is a reasonable probability, had counsel moved for a mistrial, that the Court would have granted the motion. Moreover, the record reflects overwhelming evidence of Walker's guilt. Likewise, Walker fails to allege how the issue merited appellate consideration once the curative instructions were given. Counsel does not perform deficiently by failing to make frivolous motions or raise frivolous issues on appeal. Walker has failed to demonstrate ineffective assistance or prejudice. Issues 3 and 5 are DENIED.

Issue 4

Defendant alleges that counsel provided ineffective assistance by failing to object to the sentence imposed and failing to object to the "misuse of the applicable guidelines." (ECF No. 1 at PageID 8.) He contends that counsel did not respond when the Court asked, "Are there any issues that I've ruled upon that need to be addressed further? The United States responds that this issue was raised and addressed on appeal and cannot be relitigated here. (ECF No. 7 at PageID 34.)

Contrary to Defendant's allegations, counsel filed written objections to the guideline enhancements and drug quantity and he made an impassioned argument during the sentencing hearing. (Cr. ECF No. 94 at PageID 111-12, Cr. ECF No. 110 at PageID 614-21, 674-76.) After hearing the argument of defense counsel and the prosecutor, the Court denied Defendant's legal objections. (Cr. ECF No. 110 at PageID 686.) Defendant was allowed to make a statement before the Court imposed the sentence. (*Id.* at PageID 686-88.) After the sentence was imposed, the Court asked if there were any issues that need to be addressed further, and counsel requested that Walker be allowed to participate in the drug counseling program. (*Id.* at PageID 695.)

Appellate counsel contested the procedural reasonableness of Defendant's sentence, specifically the quantity of drugs attributed to him, the validity of the three-level enhancement applied for his supervisory role in the conspiracy, and the validity of the two-level enhancement applied for obstruction of justice. *United States v. Walker*, 2010 WL 4320408 at \*\*5. The Sixth Circuit Court of Appeals affirmed Defendant's sentence. (*Id.* at \*\*6-\*\*12,)

Defendant alleges no exceptional circumstances meriting reconsideration of these issues. He merely recharacterizes them as one of ineffective assistance. Walker presents no facts or argument sufficient to avoid *DuPont*'s limitation on review of these claims. He has not

13

established a reasonable probability that, if counsel had taken any different action, the outcome of his trial or appeal would have been different. Defendant fails to establish any prejudice from trial counsel's performance. Issue 4 is without merit and is DENIED.

Issue 6

Walker alleges that trial counsel performed deficiently by failing to object to "Government Witness Tina Hughey['s] impeached testimony. (ECF No. 1-1 at PageID 14.) The United States responds that Walker has failed to state or cite the "impeachment testimony." (ECF No. 7 at PageID 34.)

The Court has reviewed prosecution witness Tina Hughey's testimony. (Cr. ECF No. 107 at PageID -228-68, Cr. ECF No. 108 at PageID 279-93.) Defense counsel objected when the prosecution asked leading and repetitive questions of this witness, and the Court sustained the objections. (Cr. ECF No. 107 at PageID 231-32.) Defense counsel objected when the prosecution's question called for hearsay, and the Court sustained the objection. (*Id.* at PageID 233.) Defense counsel also objected when the questions had no relevance, and the Court sustained the objection. (Id. at PageID 230-41.)

Counsel mounted a vigorous and lengthy cross-examination of this witness, attacking her memory on the amount of drugs purchased, establishing her criminal history, establishing her pattern of lying to judges, establishing her addiction and use of drugs the day before she worked as an informant. (Cr. ECF No. 107 at PageID 257-68, Cr. ECF No. 108 at PageID 279-89.) Defense counsel got Hughey to admit that she "would sell [her] soul to the devil to stay out of jail." (Cr. ECF No. 107 at PageID 268.)

The record establishes that counsel cross-examined Hughey by impeaching her testimony and attacking her credibility. Defendant Walker's conclusory argument of ineffective cross-

14

examination and impeachment is unsupported by the record. Walker advances no factual basis identifying any question which counsel could have asked or any piece of evidence that counsel could have used for impeachment which would have altered the jury's opinion of the witness' credibility. Walker has failed to demonstrate ineffective assistance or prejudice. Issue 6 is also without merit and is DENIED.

## IV. CONCLUSION

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Defendant's conviction and sentence are valid and, therefore, his motion to vacate (ECF No. 1) is DENIED. Judgment shall be entered for the United States.

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the

15

appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons previously stated, Defendant's claim lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED. If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

**IT IS SO ORDERED**.

                                          **s/James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE